UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MICHAEL LOPEZ,<br><br>    Petitioner,<br><br>    v.<br><br>KEVIN HIXTON,<br><br>    Respondent. | No. 1:24-cv-01060-JLT-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 13) |

Petitioner Steven Michael Lopez, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 13, 2025,[1] the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be denied. (Doc. 13.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty days after service. *Id.* On June 11, 2025, Petitioner filed timely objections. (Doc. 14.) The objections largely repeat the position outlined in his traverse. Though the Court acknowledges, as did the Magistrate Judge, that there is a lack of direct evidence that Petitioner knew that the shooter possessed a gun, the court of appeal identified the circumstantial

---

[1] The findings and recommendations were singed on May 12, 2025, but not docketed until May 13, 2025.

1

evidence upon which the jury could conclude that he constructively possessed the firearm. (Doc. 13 at 18-19) Thus, according to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court holds the findings and recommendation to be supported by the record and proper analysis.

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that Petitioner should be allowed to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on May 13, 2025 (Doc. 13) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **DENIED**.
3. The Clerk of Court is directed to **CLOSE THE CASE**.

///

///

///

///

4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **July 29, 2025**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE